[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 30, 1992 at Meriden, Connecticut. By complaint dated July 16, 1998, the Husband instituted this action seeking a dissolution of the marriage, joint custody, an assignment of the estate of the Wife, and such other relief as may be consistent with equity and good conscience. The Wife filed an Answer and Cross Complaint dated July 27, 1998 seeking in addition alimony, child support, counsel fees and other such relief as the Court deems just and proper in CT Page 9697 equity.
One child was born, issue of the marriage, Samuel A. Mahler, born July 17, 1997.
The Court heard extensive testimony regarding the conduct of both parties during the course of the marriage. The Court finds that neither party is free from fault.
At trial, the Husband testified that he had recently quit his employment due to an "integrity" issue. The yearly income from this job was $95,000.00. The Husband was not asked to do anything illegal. He was asked to give credit to a third party for work which he felt the third party did not merit. Both he and a co-worker quit over this issue. Presently the Husband is looking for employment. This court finds that the Husband has an earning capacity of $95,000.00 per year.
The Court finds that residence requirements have been satisfied and that neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage is hereby entered on the grounds of irretrievable breakdown.
ALIMONY
The Husband shall pay to the Wife the sum of $150.00 per week for three (3) years from the date hereof Said term of three (3) years is non-modifiable except the alimony shall terminate sooner upon the happening of any of the following events: the death of the Wife; the death of the Husband; co-habitation by the Wife, as defined by statute; or remarriage by the Wife.
CUSTODY/VISITATION
The parties have entered into a Custody Stipulation dated July 12, 1999 which this Court approves and incorporates into this decision. CT Page 9698
CHILD SUPPORT
The Husband, based upon the above finding of earning capacity, shall pay child support in the amount of $225.00 per week, pursuant to the child support guidelines. (Calculated as an earning capacity of $95,000.00 per year for the Husband, with a 30% deduction to net and $27,000 earnings to the Wife with a 20% deduction to net, equaling a combined net income of $1,568 per week, requiring a combined child support order of 304.00 per week. The Husband's share being 73.5% and the Wife's share being 23.5%). Said sum of $225.00 per week child support and $150.00 per week alimony to be secured by an immediate income withholding as soon as the Husband becomes employed.
The Husband's obligation to pay child support shall end when the child attains the age of eighteen (18), becomes emancipated, dies or upon the death of the Husband, whichever event first occurs. However, if the child has attained the age of eighteen (18) and is a full time high school student, such payments shall continue until such time as the child completes the twelfth grade or attains the age of nineteen (19), whichever occurs first.
MEDICAL INSURANCE
The Husband shall maintain the minor child on his medical/dental insurance as available to him through his employment or COBRA benefits. If the Husband COBRA benefits expire prior to his obtaining employment, then the Wife shall maintain the child on her medical/dental insurance if available to her through her employment at the expense of the Husband. If neither party has medical/dental insurance available to them through their employment, then the Husband shall bear the cost of obtaining such insurance. The obligation of the parties to maintain medical/dental insurance for the benefit of the minor child shall continue until such time as the child attains the age of eighteen (18), becomes emancipated or dies, whichever shall first occur. However, if said child has attained the age of eighteen (18) but is a full time high school student, such insurance coverage shall continue until the child completes the twelfth grade or attains the age of nineteen (19), whichever event occurs first.
Any uncovered or unreimbursed medical and/or dental expenses for the child shall be divided equally between the parties, for CT Page 9699 so long as the parties are required to maintain medical/dental insurance benefits on behalf of the minor child. For purposes of this paragraph the unreimbursed medical/dental expenses shall be defined as "all reasonable medical, optical, surgical and reasonable nursing expenses and the cost of prescriptive drugs and all unreimbursed dental expenses, including orthodontia expenses."
Neither party shall contract for any extraordinary medical expenses on behalf of the minor child without first consulting with the other, except in cases of emergencies. "Extraordinary medical expenses" for the purpose of this paragraph shall be defined as elective surgery, psychiatric and psychological counseling and or treatment, and non-medical healing arts. Consent to such treatments shall not be unreasonably withheld.
The Husband shall continue to maintain the Wife on his medical/dental insurance until September 1, 1999 at his cost.
LIFE INSURANCE
The Husband shall maintain the Wife as beneficiary of life insurance he currently has through Prudential in the face amount of $200,000.00 and Metropolitan Life Insurance policy in the amount of $125,000.00 to secure his alimony and child support obligations. Upon the termination of the Husband's alimony payments to the Wife, the Husband shall name the child, Samuel as beneficiary. The Husband shall maintain such life insurance policies with the child as beneficiary until such time as said child attains the age of eighteen (18), becomes emancipated or dies, whichever event occurs first. However, if said child has attained the age of eighteen (18) but is a full time high school student, such coverage shall continue until the child completes the twelfth grade or attains the age of nineteen (19) whichever occurs first.
 DIVISION OF ASSETS
MARTIAL RESIDENCE
The parties are the owners of property at 10 Eaton Court, Fairfield, Connecticut together with the Husband's parents, Sara and Walter Mahler. Since the Husband's parents were not made parties to this action, this Court has no jurisdiction over their interest in the property. The only portion of the property which CT Page 9700 this court may enter orders regarding is the interest of the Husband and Wife as reflected by the Warranty Deed dated December 14, 1995, recorded in Volume 1488 at Pages 188-189 of the Fairfield Land Records. Said Warranty Deed recites as the Grantees: Michael A. Mahler, Lynn H. Mahler, Sara A. Mahler and Walter Mahler. Therefore, this Court shall only address the one-half interest of the Husband and Wife.
This Court finds that based on the testimony of the Husband the value of the martial residence is $480,000.00. Therefore, the Husband's and the Wife's one-half interest is valued at $240,000.00.
This Court further finds that the Husband prior to the marriage had an asset of $25,000.00 (from the sale of his interest in a hotel). He used this $25,000.00 to purchase his share of the martial residence.
Also used to purchase the Husband's and Wife's share of the martial residence was $37,000.00 from a joint account which represents approximately $30,000.00 of the Husband's and $7,000.00 of the Wife's.
The Husband and Wife also encumbered the property with a mortgage in the original amount of $75,000.00 which only they are obligated on to repay the Bank.
The Husband is ordered to buy out the Wife's interest in the property within 60 days of the dissolution of the marriage (July 19, 1999) as follows:
Value of the one-half interest in the property = $240,000.00
Less Usual costs of closing (5%) = 12,000.00
 Less Balance due on Mortgage = 58,000.00 (appx) (Amount due as of date of buyout)
Less Husband's investment from prior
 To marriage = 25,000.00 __________________
145,000.00 CT Page 9701 (appx)
$145,000.00 divided by 2 is $72,500.00. Therefore the approximate amount which the Husband shall pay to the Wife is $72,500.00.
The Wife shall, immediately upon receipt of said payment, provide the Husband with a quit claim deed of her interest in the property. Thereafter, the Husband shall indemnify and hold harmless the Wife regarding the repayment of the current first mortgage, property taxes and all other costs incident to the property. The Husband shall within one year from the date of this dissolution (July 19, 1999) make his best efforts to refinance the mortgage so as to remove the Wife's name from the mortgage.
In the event the Husband is unable to purchase the Wife's interest in the property as outlined above, this Court retains jurisdiction to make such alternative orders as the Court deems appropriate.
The Wife shall retain the exclusive possession of the Husband's and Wife's interest in the martial home until the Husband purchases her interest in the property as provided above.
PENSIONS/IRA/401K
Each party shall retain their own pensions and 401K/IRA accounts free and clear from the claim of the other.
BANK ACCOUNTS/STOCKS
Each party shall keep their own checking and savings accounts free and clear from the claim of the other. The funds in the joint account shall be divided equally.
The Husband shall retain the stocks in his name free and clear of any claim from the Wife.
AUTOMOBILES
The Husband shall transfer to the Wife his interest in the Jeep automobile to the Wife.
PERSONAL PROPERTY
CT Page 9702
The parties shall divide their personal property located in the marital residence to their mutual satisfaction. The piano and dining room set are the property of Sara and Walter Mahler and not within the jurisdiction of this Court to distribute. The antique books are the property solely of the Wife. In the event they are unable to agree on the distribution of the personal property, then, in that event the resolution of these matters shall be referred to the Family Relations Division of the Superior Court in Bridgeport for mediation. In the event mediation in unsuccessful, the parties shall return to the Court for a determination of the issue.
The Wife shall retain the diamond ring which was bought as a replacement for her first engagement ring and all her other jewelry.
DIVISION OF LIABILITIES
Each party shall be responsible for their own debts as listed on their respective financial affidavits.
COUNSEL FEES
Each party shall be responsible for their own attorney fees.
TAX RETURNS
The Wife shall be entitled to claim the minor child as a tax exemption on all future tax filings commencing with her 1999 tax return.
The parties have filed joint tax returns during their marriage. In the event there is an audit by the Internal Revenue Service or by the State of Connecticut Department of Revenue Services and said audit results in an assessment for underpaid taxes, then, and in that event, the party whose income was under-reported shall be responsible for the payment of said assessment and any related interest and penalties and shall indemnify and hold harmless the other party for said debt.
The income tax refund of $6,674.00 shall be equally divided between the Husband and the Wife.
NOTICES
CT Page 9703
All notices required under this judgment shall be by first class mail, postage prepaid and certified return receipt.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J.